```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - :
                                               :
DARRYL BROWN,                                  :  08 Civ. 6404 (RMB)(JCF)
                                               :
             Plaintiff,                        :      REPORT AND
                                               :    RECOMMENDATION
      - against -                              :
                                               :
COMMISSIONER OF THE ADMINISTRATION FOR          :
CHILDREN'S SERVICES THE CITY OF                :
NEW YORK,                                      :
                                               :
             Defendant.                        :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - :
```
TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

Darryl Brown brings this action against the Commissioner of the Administration for Children's Services of the City of New York (the "Commissioner") alleging that his rights are being violated in an ongoing state court proceeding. The Commissioner now moves to dismiss for lack of subject matter jurisdiction.

Background

On February 4, 2008, the Administration for Children's Services ("ACS") filed an abuse petition in New York County Family Court seeking a determination that M.B.,[1] a minor child, was being abused by her father, Mr. Brown. (Petition in Abuse Case, Docket No. NA-00290/08, dated Feb. 4, 2008). At a hearing that same day, the Honorable Rhoda J. Cohen issued a temporary order of protection prohibiting Mr. Brown from visiting or communicating with his daughter outside of certain supervised visitation times. (Temporary Order of Protection, Docket No. NA-00290-08, dated Feb.

---

[1] Initials are used to protect the child's identity.

1

4, 2008). This order was renewed at hearings on February 11 and May 8, 2008, and at the commencement of trial on July 18, 2008. On November 13, 2008, Judge Cohen rendered a decision on the merits against Mr. Brown, ordering that he have no unsupervised contact with M.B. for nine months. (Order of Fact-Finding and Disposition, Docket No. NN-00290-08, dated Nov. 13, 2008).

Mr. Brown filed the instant case on July 17, 2008[2] alleging that various ACS employees were engaged in an ongoing conspiracy with Judge Cohen and with counsel representing M.B.'s mother to violate his constitutional rights . (Verified Complaint; Verified Amended Complaint ("Am. Compl.")). According to the complaint, as a result of these conspiratorial acts, the abuse proceeding against Mr. Brown has been "unlawful and prejudicial," rendering "ludicrous" any notion that Judge Cohen is capable of fairly adjudicating the case. (Am. Compl., ¶ 16). To remedy the alleged continuing violation of his due process rights, the plaintiff requests that the federal courts (1) assume jurisdiction over the abuse proceedings and (2) issue an order overruling or changing the visitation limitations imposed by the temporary orders of protection. (Am. Compl. at 8).

The Commissioner now moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3] The defendant

---

[2] Mr. Brown filed an Amended Complaint on August 5, 2008.

[3] Despite being granted two extensions of time, Mr. Brown failed to respond to the Commissioner's motion. Therefore, my recommendation is based on allegations contained in the pleadings and in supporting affirmations and on the Commissioner's initial motion papers.

argues that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine and that the abstention principles of Younger v. Harris, 401 U.S. 37 (1971), deprive the Court of jurisdiction. (Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint at 5-11).

Discussion

    A. Standard of Review

In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006). Unlike a Rule 12(b)(6) motion, the court is authorized to consider matters outside of the pleadings, including affidavits, documents, and testimony if necessary. See Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1010-11 (2d Cir. 1986); Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *6 (S.D.N.Y. April 18, 2007). Although the submissions of a pro se plaintiff like Mr. Brown must be liberally construed, see McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004), an action cannot be sustained if subject matter jurisdiction is lacking. Lyndonville Savings Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

    B. The Younger Doctrine

The Younger doctrine generally "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."

3

Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) (citing Younger, 401 U.S. at 43-44).  Specifically, Younger abstention is mandatory when three conditions are present: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims."[4]  Id. Underlying this doctrine is the recognition that state courts ordinarily provide "an adequate forum for the vindication of federal constitutional rights, and so due deference ought to be paid the principles of comity and federalism." Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994) (citations omitted).  Accordingly, where Younger applies, "the appropriate remedy is dismissal" of the federal action, thus allowing state court review of the constitutional claims at issue.  Fleming v. Grosvenor, No. 08-CV-3074, 2008 WL 3833589, at *2 (E.D.N.Y. Aug. 15, 2008); accord Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims . . . to the state courts.").

All three conditions are met here.  First, the state proceeding is ongoing.[5]  Indeed, Mr. Brown's requested relief is

---

[4] Although the Younger abstention doctrine was first articulated in the context of a pending criminal law matter, it has specifically been extended to a variety of pending state civil proceedings, including cases involving child abuse. Moore v. Sims, 442 U.S. 415, 423 (1979).

[5] Although the Family Court recently rendered a decision on the merits and issued a nine-month order of protection, it

premised on the continuation of the state court proceeding: he asks this Court to seize jurisdiction from the Family Court. (Am. Compl. at 8). Second, questions of family relations, including child custody and visitation issues, are traditional matters of state concern that implicate important state interests. See, e.g., Moore, 442 U.S. at 435 ("Family relations are a traditional area of state concern."); Nicholson v. Scoppetta, 344 F.3d 154, 168 (2d Cir. 2003) ("We defer to state primacy in areas of traditional state concern, such as family law . . . ."). New York State has a particularly strong interest in cases involving allegations of child abuse, as demonstrated by Article 10 of the Family Court Act which establishes "a separate child abuse proceeding for the expeditious and expert handling of child abuse cases." Donkor v. City of New York Human Resources Administration Special Services for Children, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987). New York State therefore has "a paramount if not exclusive interest" in the instant case. Neustein v. Orbach, 732 F. Supp. 333, 341 (E.D.N.Y. 1990). Third, there is no indication that Mr. Brown lacks the ability to raise his constitutional complaints in state court. On the contrary, New York State law provides multiple opportunities for appeal. N.Y. Fam. Ct. Act § 1112. Younger abstention is therefore mandated.

    Because abstention is required under Younger, there is no need

---

retains continued jurisdiction to vacate or modify the order. N.Y. Fam. Ct. Act § 1061. Furthermore, the related dispute concerning M.B.'s custody remains ongoing. (Order of Fact-Finding and Disposition, Docket No. NN-00290-08, dated Nov. 13, 2008).

to address the applicability of the Rooker-Feldman doctrine.

Conclusion

For the reasons set forth above, I recommend that the City's motion be granted and the case be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 5, 2009

Copies mailed this date:

Darryl Brown
860 Columbus Avenue
Apartment #16A
New York, New York 10025

Michael Suarez, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007