```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARRYL BROWN,                                        :
                                                     :
                              Plaintiff,             :
                                                     :        08 Civ. 6404 (RMB) (JCF)
             - against -                             :
                                                     :        **DECISION & ORDER**
COMMISIONER OF THE ADMINISTRATION                    :
FOR CHILDREN'S SERVICES                              :
OF THE CITY OF NEW YORK,                             :
                                                     :
                              Defendant.             :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03.09.09

## I. Background

On or about August 5, 2008, Darryl Brown ("Plaintiff"), proceeding pro se, filed an amended complaint ("Amended Complaint") against the Commissioner of the Administration for Children's Services of the City of New York ("Defendant"), alleging violations of Plaintiff's constitutional rights in connection with proceedings involving Plaintiff's minor child ("M.B.") before the Honorable Rhoda J. Cohen of the Family Court of the State of New York, County of New York ("Family Court"). (See Am. Compl. ¶¶ 2, 4, 7–8, 10, 16.) Plaintiff alleges, among other things, that Defendant "negligently failed to properly supervise his various Deputy Commissioners . . . to [ensure] that their actions [were] in compliance with applicable statutory and constitutional considerations" and "collaborate[d] with [Judge Cohen] in 'Secret Hearings' [to] violate the Plaintiff's and his daughter's . . . State and Federal rights." (Am. Compl. ¶ 4.) On or about November 13, 2008, Judge Cohen determined that Plaintiff committed "acts constituting child neglect" and ordered, among other things, that Plaintiff have no unsupervised contact with M.B. for nine months. (Order of Fact-Finding & Disposition, Docket No. NN-00290-08, dated Nov. 13, 2008, at 1.) Plaintiff requests, among other things, that this Court

"[a]ssume immediate jurisdiction" over this Family Court case and "[r]emedy the . . . state of affairs in which Plaintiff's [minor child] is summarily prevented from having communication with members of her extended family, or receiving visits from family members." (Am. Compl. at 8.)

On or about October 15, 2008, Defendant filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing, among other things, that: (i) the Court should "abstain from exercising jurisdiction under the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971)"; and (ii) "to the extent that [P]laintiff is asking this Court to function as an appellate court and essentially review and vacate orders issued by the New York State Family Court, this Court lacks jurisdiction to do so under the Rooker-Feldman doctrine." (Def. Mot. to Dismiss, dated Oct. 15, 2008 ("Def. Mot."), at 2, 8.) Plaintiff failed to oppose Defendant's motion to dismiss before United States Magistrate Judge James C. Francis, IV, to whom the matter had been referred.[1]

On or about February 5, 2009, Judge Francis issued a thorough and thoughtful Report and Recommendation ("Report") recommending that Defendant's "motion be granted and the case be dismissed" because, among other reasons, "[t]he Younger doctrine generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings" and "Younger abstention is . . . mandated" in this case. (Report at 3, 5.)

---

[1] Judge Francis twice extended Plaintiff's time to respond to Defendant's motion to dismiss, i.e., on or about November 12, 2008 and again on December 8, 2008. (See Order, dated Nov. 12, 2008 (Francis, M.J.), at 1; Order, dated Dec. 8, 2008 (Francis, M.J.), at 1 ("No further extensions.").) On or about January 15, 2009, Judge Francis denied Plaintiff's application for an additional extension of time to respond to Defendant's motion. (See Order, dated Jan. 15, 2009 (Francis, M.J.), at 2 ("The last extension was marked final.").)

2

The Report advised that "[p]ursuant to 28 U.S.C. 636(b)(1) and [Fed. R. Civ. P.] 72, 6(a), and 6(d) . . . the parties shall have ten (10) days from this date [i.e., February 5, 2009] to file written objections." (Report at 6.) On or about February 15, 2009, Plaintiff submitted objections ("Objections") to the Report, arguing, among other things, that Defendant has been "blatantly, relentlessly, and continually undermining[] an Order of the [Family] Court . . . and thereby undermining [and] violating Plaintiff's parental rights as a [f]ather," and "dismissal is warranted only where it appears <u>beyond doubt</u> that the plaintiff can prove <u>no set of facts</u> in support of his claim that would entitle him to relief." (Objections at 1, 3 (internal quotations and citation omitted) (emphasis in original).)[2] On or about March 6, 2009, Defendant filed an opposition to Plaintiff's Objections. (<u>See</u> Ltr. from Michael A. Suarez to Hon. Richard M. Berman, dated Mar. 6, 2009.)

**For the reasons set forth below, the Report is adopted in its entirety and Defendant's motion to dismiss the Amended Complaint is granted.**

## II.    Legal Standard

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); <u>see also</u> Fed. R. Civ. P. 72(b); <u>Grassia v. Scully</u>, 892 F.2d 16, 19 (2d Cir. 1989).

---

[2]    Plaintiff also requests, among other things, that "an investigation of the matter be initiated." (Objections at 4.)

Where, as here, the plaintiff is proceeding pro se, the Court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Amended Complaint, Defendant's motion to dismiss, the Report, Plaintiff's Objections, Defendant's opposition, and applicable legal authorities, and concludes that the determinations and recommendations made by Judge Francis are supported by the record and the law in all material respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Plaintiff's Objections do not provide any basis for departing from the Report's recommendations.[3]

"Younger abstention is mandatory when: [i] there is an ongoing state proceeding; [ii] an important state interest is involved; and [iii] the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." Fleming v. Grosvenor, No. 08 Civ. 3074, 2008 WL 3833589, at *2 (E.D.N.Y. Aug. 15, 2008). Where Younger abstention applies, the district court must dismiss the action absent a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 54; see also Estes-El v. Town of Indian Lake, No. 96 Civ. 1896, 1998 WL 247464, at *3 (N.D.N.Y May 11, 1998).

---

[3] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any of Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

Judge Francis properly concluded that "[a]ll three [Younger] conditions are met here." (Report at 4); see Fleming, 2008 WL 3833589, at *3; Reinhardt v. Commonwealth of Mass. Dep't of Social Servs., 715 F. Supp. 1253, 1255–58 (S.D.N.Y. 1989). First, the Family Court proceedings are ongoing. (See Report at 4–5 & n.9); see also People United for Children, Inc. v. City of New York, 108 F. Supp. 2d 275, 290 (S.D.N.Y. 2000) ("numerous courts have found that ongoing Family Court proceedings satisfy the first Younger element"). Indeed, Plaintiff's "requested relief is premised on the continuation of the state proceedings," (Report at 4–5); see Bhatia v. Conway, No. 06 Civ. 1334, 2006 WL 3741189, at *2 (D. Conn. Dec. 19, 2006), and there is no indication that Plaintiff has exhausted state appellate remedies. See People United for Children, 108 F. Supp. 2d at 290 n.6 ("State proceedings are pending for Younger purposes until all appellate court remedies have been exhausted."); see also Reinhardt, 715 F. Supp. at 1255–58.[4]

Second, "questions of family relations, including child custody and visitation issues, are traditional matters of state concern that implicate important state interests." (Report at 5); see Nicholson v. Scoppetta, 344 F.3d 154, 168 (2d Cir. 2003); Reinhardt, 715 F. Supp. at 1256 ("Questions of family relations, especially when issues of custody and abuse are involved, are traditionally an area of state concern.") (citing Moore v. Sims, 442 U.S. 415, 435 (1979)).

Third, "there is no indication that [Plaintiff] lacks the ability to raise his constitutional complaint in state court" and "New York State law provides multiple opportunities for appeal." (Report at 5 (citing N.Y. Fam. Ct. Act § 1112)); see also Murray v. Admin. for Children's Servs.,

---

[4] Judge Francis noted that the Family Court "retains continued jurisdiction [under N.Y. Fam. Ct. Act § 1061] to vacate or modify" the nine month order of protection issued on November 13, 2008, (Report at 4–5 n.9); see also Donkor v. City of New York Human Resources Admin. Special Servs. for Children, 673 F. Supp. 1221, 1225–26 (S.D.N.Y. 1987), and the "dispute concerning M.B.'s custody remains ongoing," (Report at 5 n.9).

No. 98 Civ. 7356, 1999 WL 33869, at *1 (S.D.N.Y. Jan. 25, 1999) ("[T]he pending Family Court proceeding . . . is fully adequate to resolve all claims as to which injunctive or declaratory relief is sought."); Reinhardt, 715 F. Supp. at 1256–58; Donkor, 673 F. Supp. at 1226–27.

And, "Plaintiff has not shown that either of the two exceptions to Younger applies." Murray, 1999 WL 33869, at *1; see also Bhatia, 2006 WL 3741189, at *3 ("There are only two 'tightly defined' exceptions to the doctrine of Younger abstention. They are 'bad faith' and 'extraordinary circumstances.'") (citations omitted); Reinhardt, 715 F. Supp. at 1258–59.

Judge Francis properly concluded that "[b]ecause abstention is required under Younger, there is no need to address the applicability of the Rooker-Feldman doctrine." (Report at 5–6); see also Anthony v. Council, 316 F.3d 412, 420 n.10 (3d Cir. 2003) ("Because here we affirm abstention under Younger, we do not address whether the Rooker-Feldman doctrine applies.")

## IV. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. Defendant's motion to dismiss the Amended Complaint [#10] is granted. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
March 9, 2009

*RMB*

_____
**RICHARD M. BERMAN, U.S.D.J.**